IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETSY WOLF** : | |
| : | **CIVIL ACTION NO. 21-866** |
| Plaintiff, : | |
| v. : | |
| **TEMPLE UNIVERSITY** : | **JURY TRIAL DEMANDED** |
| Defendant. : | |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]**

Plaintiff submits a Surreply in response to Defendant's Reply Brief in Support of its Motion for Summary Judgment to very briefly address certain arguments included in the same.

**A. Defendant Failed to Move on Plaintiff's Claims That It Retaliated Against Her Based on Her Complaints About Age Discriminatory Conduct in Connection with its Failure to Hire Her Into Open Positions**

Defendant's argument that it did move on Plaintiff's retaliation claims based on her complaints about its age discriminatory conduct fails. The basis for Defendant's argument is that it included a Footnote in its Motion asserting that its Motion covered all of Plaintiff's claims in her Complaint. In its present Motion, Defendant failed to mention, let alone move on, Plaintiff's claims that it retaliated against her in connection with her complaints of its age discriminatory

---

[1] In Defendant's Reply Brief, it engages in unnecessary attacks on Plaintiff. *See, e.g.*, Def's.' Reply Br. p. 7 ("In response to Plaintiff's repeated badgering and misleading questions…";Def.'s Reply Br. p. 10 ("…Plaintiff badgered the witnesses relentlessly to try to get them to say things that they did not believe..") Plaintiff notes only that, notwithstanding Defendant's current assertions (clearly made because some of the deposition testimony of its witnesses undermines its arguments in its present Motion), it ***never*** once moved to limit or terminate these depositions during which Plaintiff allegedly "badgered" and tried to "mislead" the witnesses.

conduct. (Indeed, in its Reply Brief, Defendant is unable to point to any reference to its argument on this claim in its Motion for the simple fact that it does not exist because they did not move on it.)  That footnote does not constitute a Motion.  Defendant failed to mention, let alone move on, these claims in their initial Motion (which, its Footnote 4 aside, it does not dispute).  Plaintiff will not repeat the arguments that she has already made in her Opposition Brief (*see, e.g.*, pp. 27-28).  The bottom line is that Defendant cannot shoehorn an (belated) argument into its Reply Brief that it failed to make in its initial Motion. Def.'s Reply Br. p. 3.

### B. The Credibility of Defendant's Witnesses Is Squarely In Dispute And, As Such, Defendant's Motion for Summary Judgment Should Be Denied

Defendant's assertion that Plaintiff made an "offensive and false" "slur" towards it, and its witnesses, because she argued that its present Motion cannot be granted when the motivation and credibility are squarely in dispute, which is the case given that its own witnesses have testified inconsistently, is absurd.  First, Defendant's assertions are ironic given that it is making a similar argument as to Plaintiff in its present Motion, i.e., that this Court should not credit Plaintiff's allegations of discrimination and retaliation and should instead accept as a matter of law Defendant's version of events resulting in Plaintiff's termination and Defendant's failure to hire her.

Second, as Plaintiff has already set forth in her Opposition Brief, the undisputed fact is that Defendant's witnesses have testified inconsistently, including regarding issues directly related to the adverse employment actions at issue, e.g., who made the decision to terminate Plaintiff's employment.  Indeed, Defendant *admits* in its Reply Brief that there are "discrepancies" in the testimony of its witnesses; it argues that they are "minor and do not raise any real credibility issues." Def.'s Reply Br. p. 10.  Defendant cannot with any legitimacy ask this Court to find as a matter of law that *admitted* "discrepancies" in the testimony of its own

witnesses "do not raise any real credibility issues."  As the Third Circuit concluded, "[A[ finding of discrimination is at bottom a determination of intent.  In making that determination, the jury must perform its traditional function of assessing the…credibility of the witnesses through observation of both direct testimony and cross-examination at trial…This is uniquely the role of the factfinder, not the court." *Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1071-1072 (3d Cir. 1996).

While Defendant is apparently very concerned about defending its witnesses (describing them as "dedicated professionals and public servants who have worked at"[2] Defendant each for several years), it completely discounts Plaintiff, an undisputedly excellent, dedicated employee who was terminated at age sixty seven (67) after thirteen (13) years of employment, after which time Defendant admittedly made no effort whatsoever to find another position for her within the organization.  She deserves to have her day in Court.

Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**

Dated: January 12, 2022             BY:    /s/ Caren N. Gurmankin
                                                      Caren N. Gurmankin, Esq.
                                                      Console Mattiacci Law, LLC
                                                      1525 Locust Street, 9th Floor
                                                      Philadelphia, PA 19102

                                                      Attorney for Plaintiff,
                                                      Betsy Wolf

---

[2] Def.'s Reply Br. p. 10.